# TABLE OF CONTENTS

Page

I.   INTRODUCTION...............................................................................1

II.  STANDARD OF REVIEW .................................................................4

III. ARGUMENT .....................................................................................6

     A.   Plaintiff's Request for Injunctive Relief is Moot .......................6

     B.   Plaintiff's Request for Monetary Damages Against
          the Defendants is Barred by the Eleventh Amendment...............7

     C.   Plaintiff's Rights Were Not Violated .........................................9

          i.    Plaintiff Has Failed to Make a Prima Facie
                Showing that the Defendants Violated Title VI................9

          ii.   Plaintiff's Participation on the Football Team...................10

          iii.  Plaintiff's Education ...........................................................11

          iv.   Rehabilitation Act Claim...................................................12

     D.   Coleman, Davis, and Tokuda are Entitled to
          Qualified Immunity.....................................................................12

     E.   Davis and Tokuda Did Not Participate in the
          Deprivations Complained of........................................................13

     F.   Coleman, Davis, and Tokuda Have Immunity from
          Plaintiff's State Law Tort Claims.................................................15

IV.  CONCLUSION .................................................................................16

## TABLE OF AUTHORITIES

Page

<u>CASES</u>

<u>Anderson v. Creighton</u>, 483 U.S. 635 (1987)....................................................13

<u>Angstadt v. Midd-West School Dist.</u>, 377 F.3d 338 (3rd Cir. 2004)................10

<u>Barnett v. Centoni</u>, 31 F.3d 813 (9th Cir. 1994) ...................................................5

<u>Bator v. State of Hawaii</u>, 39 F.3d 1021 (9th Cir. 1994)....................................4, 5

<u>British Airways Bd. v. Boeing Co.</u>, 585 F.2d 946  ...........................................5
(9th Cir. 1978), <u>cert.</u> <u>denied</u>, 440 U.S. 981 (1979)

<u>California Architectural Bldg. Products, Inc. v.</u>......................................................5, 6
<u>Franciscan Ceramics, Inc.</u>, 818 F.2d 1466
(9th Cir. 1987), <u>cert.</u> <u>denied</u>, 484 U.S. 1006 (1988)

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)...................................................4

<u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378 (1989) .......................................14

<u>Davis v. Scherer</u>, 468 U.S. 183 (1984)..............................................................13

<u>Doe v. Lawrence Livermore Nat'l Lab.</u>, 131 F.3d 836 (9th Cir. 1997)............8

<u>Duvall v. County of Kitsap</u>, 260 F.3d 1124 (9th Cir. 2001) .............................12

<u>Eades v. Thompson</u>, 823 F.2d 1055 (7th Cir. 1987) .........................................14

<u>Fliess v. Washoe County School Dist.</u>,
90 Fed.Appx. 240 (9th Cir. 2004) ....................................................................12

<u>Fobbs v. Holy Cross Health Sys.</u>, 29 F.3d 1439 (9th Cir. 1994) ......................9

<u>Gabbert v. Conn</u>, 131 F.3d 793 (9th Cir. 1997) ...............................................13

Guardians Ass'n v. Civil Service Comm'n of City of New York,
463 U.S. 582 (1983) ........................................................... 9

Hoeft v. Tucson Unified School Dist., 967 F.2d 1298 (9th Cir. 1992).............. 11

Houghton v. South, 965 F.2d 1532 (9th Cir. 1992) ............................. 13

Johnson v. Fankell, 520 U.S. 911 (1997) ......................................... 13

Leer v. Murphy, 844 F.2d 628 (9th Cir. 1988).................................. 10, 14

Legal Aid Society of Hawaii v. Legal Services Corp., ..................... 5
981 F. Supp. 1288 (D. Haw. 1997)

Malley v. Briggs, 475 U.S. 335 (1986) ....................................... 12

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., .................... 6
475 U.S. 574 (1986)

Medeiros v. Kondo, 55 Haw. 499, 522 P.2d 1269 (1974) ................... 15, 16

Monell v. New York City Dep't of Social Serv., ........................... 14
436 U.S. 658 (1978)

Monteiro v. Tempe Union High School Dist.,
158 F.3d 1022 (9th Cir. 1998) ............................................. 9, 10

Northwest Motorcycle Ass'n v. USDA, ..................................... 4
18 F.3d 1468 (9th Cir. 1994)

Office of Hawai'ian Affairs v. Department of Educ.,
951 F. Supp. 1484 (D. Haw. 1996) ........................................ 8

Oregon Advocacy Center v. Mink, 322 F.3d 1101 (9th Cir. 2003) ........ 7

Papasan v. Allain, 478 U.S. 265 (1986)..................................... 8

Schaill by Kross v. Tippecanoe County School Corp.,
679 F. Supp. 833 (N.D.Ind. 1988)......................................... 10

Shaw v. California Dep't of Alcoholic Beverage Control,
788 F.2d 600 (9th Cir. 1986) ............................................................................. 8

Taylor v. List, 880 F.2d 1040 (9th Cir. 1989) ................................................. 13

Towse v. State, 64 Haw. 624, 647 P.2d 696 (1982) ........................................ 15

T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, ................................ 4, 5
809 F.2d 626 (9th Cir. 1987)

U.S. ex rel. Anderson v. Northern Telecom, Inc., ............................................ 6
52 F.3d 810 (9th Cir. 1995)

Will v. Michigan Dep't State Police, 491 U.S. 58 (1989) ................................. 8


RULES

Federal Rules of Civil Procedure Rule 56(c) ................................................... 4, 5

Federal Rules of Civil Procedure Rule 56(e) ................................................... 5


STATUTES

20 U.S.C. § 1415(b)(2) ..................................................................................... 11

42 U.S.C. § 1983   .......................................................................................... 8, 10, 13

42 U.S.C. § 2000d .......................................................................................... 9


UNITED STATES CONSTITUTION

Amend. XI ....................................................................................................... 7, 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONTAE SCOTT,<br><br>     Plaintiffs,<br><br> vs.<br><br>STATE OF HAWAII DEPARTMENT OF EDUCATION, ALOHA COLEMAN, Principal of Leilehua High School, ROBERT DAVIS, Vice Principal of Leilehua High School MR. TOKUDA, Football coach,<br><br>     Defendants. | CIVIL NO. 07-00575 SOM-BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I. INTRODUCTION

   This lawsuit involves an African-American student at Leilehua High School who was dismissed from the football team following his suspension from school for fighting in the cafeteria. See Plaintiff's Complaint for Damages and Injunctive Relief filed on November 20, 2007 at e.g. paragraphs 7 – 18. Plaintiff asserted two claims in his Complaint: (1) That his dismissal from the football team would have a deleterious effect on his efforts to pursue higher education (Id. at paragraph 8); and (2) That while at Leilehua he was denied tutoring and educational services accorded to non African-American students. Id. at paragraph

1.  Plaintiff alleged violations of numerous federal and state laws, and sought injunctive relief and monetary damages of $5,000,000.00.[1]  See Complaint.

Since filing his Complaint, Plaintiff has graduated from Leilehua and is playing college football on the Mainland.  See the Declaration of Aloha Coleman, attached as Exhibit "1" to the Defendants' Concise Statement of Material Facts, at paragraphs 3 – 4 and Exhibit "A" thereto.

Regarding Plaintiff's dismissal from the football team, the Leilehua High School Conditions for Athletic Participation, as specified in the Parent-Student Athletic Handbook, states that:  "Violation of Chapter 19, Class A or B, offenses will result in my suspension from all Leilehua athletic activities for the duration of that season."  See the Declaration of Aloha Coleman at paragraph 5 and Exhibit "B" thereto.  All student athletes who are suspended from school for Class A or B offenses are also removed from their sports teams.  See the Declaration of Aloha Coleman at paragraph 6.  This rule is routinely discussed amongst all Leilehua teams many times throughout the season.  Id.  Student athletes and parents attend mandatory parent meetings prior to each season in which this rule is provided in writing and discussed.  Id. at paragraph 7.  Attached as Exhibit "C" to the Declaration of Aloha Coleman is the Athletic Participation Acknowledgement

---

[1] Plaintiff's effort to have this Court order his reinstatement to the football team was unsuccessful.  See Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction filed on November 21, 2007 and related court filings.

Form signed by Plaintiff's father Douglas C. Scott indicating that he had

"Received, read and understood the School Parent/Student-Athlete Handbook."

Plaintiff was found to have engaged in Disorderly Conduct arising

from the incident in the cafeteria, and Coleman informed Plaintiff's father that

Plaintiff was therefore suspended from school for five days. See the Declaration of

Aloha Coleman at paragraph 8. Coleman also informed Mr. Scott that because

Plaintiff was suspended for a Chapter 19, Class B offense, he was suspended from

the football team for the remainder of the 2007 season. Id. As school principal,

the ultimate decision to suspend students from school rests with Aloha Coleman.

Id. at paragraph 9. There was no meeting between Defendants Coleman, Davis,

and Tokuda in which they decided to kick Plaintiff off the football team, as he

alleges in paragraph 18 of the Complaint. Id.

In all, it was determined that seven students had violated Chapter 19

and each was suspended from school. Id. at paragraph 10. Of those seven, three

played on the football team and four did not. Id. The students' suspensions from

school ranged from three to five days. Id. Both of the other two suspended

football players were in special education; neither is African-American. Id. See

also Exhibit "D" to the Declaration of Aloha Coleman.

Regarding Plaintiff's education claims, a resolution session was held

on November 19, 2007 (see Complaint at paragraph 35, et seq.) before his

scheduled IDEA pre-hearing and hearing.  See the Declaration of Aloha Coleman

at paragraph 11.  However, since removal from the football team is not an IDEA

issue, the resolution session could not address Plaintiff's removal from the team.

Id.  There is an appeals process for suspensions from school exceeding ten days,

but Plaintiff's suspension was for only five days.  Id. at paragraph 12.

II.    STANDARD OF REVIEW

                One of the principal purposes of summary judgment is to isolate and

dispose of factually unsupported claims or defenses, thereby avoiding unnecessary

trials.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); Northwest

Motorcycle Ass'n v. USDA, 18 F.3d 1468, 1471-72 (9th Cir. 1994) (citing Zweig

v. Hearst Corp., 521 F.2d 1129 (9th Cir. 1975), cert. denied, 423 U.S. 1025

(1975)).  Thus, summary judgment is granted where, viewing the evidence and the

inferences arising therefrom in favor of the nonmoving party, there are no genuine

issues of material fact and the moving party is entitled to a judgment as a matter of

law.  FRCP Rule 56(c); Bator v. State of Hawaii, 39 F.3d 1021, 1025-26 (9th Cir.

1994).  The plain language of Rule 56(c) mandates the entry of summary judgment

against a party who fails to make a showing sufficient to establish the existence of

an element essential to that party's case, on which that party will bear the burden of

proof at trial.  Celotex, 477 U.S. at 322.

                    If the party moving for summary judgment meets its initial
                    burden of identifying for the court the portions of the

4

> materials on file that it believes demonstrate the absence
> of any genuine issue of material fact, the nonmoving party
> may not rely on the mere allegations in the pleadings in
> order to preclude summary judgment.

T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th

Cir. 1987) (citations omitted).  FRCP Rule 56(e) requires the nonmoving party to

set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing

that there is a genuine issue for trial."  (emphasis added); Bator, 39 F.3d at 1026.

The nonmoving party must produce at least some "'significant probative evidence

tending to support the complaint'." T.W. Elec., 809 F.2d at 630 (quoting First Nat'l

Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968)); Barnett v. Centoni, 31 F.3d

813, 815 (9th Cir. 1994) (citations omitted).  Legal memoranda and oral argument

are not evidence and do not create issues of fact capable of defeating an otherwise

valid motion for summary judgment.  British Airways Bd. v. Boeing Co., 585 F.2d

946, 952 (9th Cir. 1978), cert. denied, 440 U.S. 981 (1979); Legal Aid Society of

Hawaii v. Legal Services Corp., 981 F. Supp. 1288, 1291 (D. Haw. 1997).

The Ninth Circuit has established that "[n]o longer can it be argued

that any disagreement about a material issue of fact precludes the use of summary

judgment." California Architectural Bldg. Products, Inc. v. Franciscan Ceramics,

Inc., 818 F.2d 1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006 (1988);

Legal Aid Society, 981 F. Supp. at 1291.  Moreover, "[w]hen the moving party has

carried its burden under Rule 56(c), its opponent must do more than simply show

that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec.</u>

<u>Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986) (citations

omitted).  Indeed, "if the factual context makes the non-moving party's claim

<u>implausible</u>, that party must come forward with more persuasive evidence than

would otherwise be necessary to show that there is a genuine issue for trial."

<u>California Architectural</u>, 818 F.2d at 1468 (emphasis in original) (citing

<u>Matsushita</u>, 475 U.S. at 587); <u>see</u> <u>U.S. ex rel. Anderson v. Northern Telecom, Inc.</u>,

52 F.3d 810, 815 (9th Cir. 1995).

III.    ARGUMENT

    A.    <u>Plaintiff's Request for Injunctive Relief is Moot.</u>

        As set out above, Plaintiff sought injunctive relief, specifically, "[t]hat

the Defendants be preliminary [sic] and permanently enjoined to desist from the

illegal practice of racial discrimination and harassment in denying Plaintiff Dontae

Scott his usual position and play time on the Leilehua High School football team

forthwith." <u>See</u> the last page of Plaintiff's Complaint filed on November 20, 2007.

In his Motion for Temporary Restraining Order and Preliminary Injunction filed

the next day, Plaintiff requested "a preliminary injunction reinstating him to the

Leilehua High School football team for the remainder of this calendar year." <u>See</u>

Motion at page 6.

Since filing his Complaint, Plaintiff has graduated from Leilehua and is playing college football on the Mainland.  See the Declaration of Aloha Coleman at paragraphs 3 - 4.  Accordingly, his request to be reinstated to the football team is moot.  "Mootness can be characterized as the doctrine of standing set in a time frame:  The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."  Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1116 (9th Cir. 2003) (citations omitted).  "Generally, an action is mooted when the issues presented are no longer live and therefore the parties lack a legally cognizable interest for which the courts can grant a remedy."  Id.

Plaintiff is no longer a high school student.  His request for injunctive relief is moot.

B.   Plaintiff's Request for Monetary Damages Against the Defendants is Barred by the Eleventh Amendment.

Plaintiff's federal claims against the Department of Education and against Coleman, Davis, and Tokuda in their official capacities for monetary damages are barred by the doctrine of sovereign immunity.  The Eleventh Amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State.

7

U.S. Const. amend. XI.  Sovereign immunity is an absolute bar to suits in federal court against a state, whether brought by its own citizens or citizens of another state.  Papasan v. Allain, 478 U.S. 265, 276 (1986); Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir. 1986); Office of Hawai'ian Affairs v. Department of Educ., 951 F. Supp. 1484, 1490 (D. Haw. 1996).  The Eleventh Amendment also bars federal court actions against instrumentalities or agencies of a state.  Shaw, 788 F.2d at 603.  A state may waive its immunity only if it does so unequivocally, or Congress can exercise its power under the Fourteenth Amendment to override that immunity.  Will v. Michigan Dep't State Police, 491 U.S. 58, 66 (1989).

Moreover, 42 U.S.C. § 1983 provides that any "person" acting under the color of state law in violating another's rights is liable to that injured party. However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  Will, 491 U.S. at 71; Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997).

Accordingly, Plaintiff's federal claims against the Department of Education and the Defendants in their official capacities for monetary damages are barred and must be dismissed.

C.   Plaintiff's Rights Were Not Violated.

    i.    Plaintiff Has Failed to Make a Prima Facie Showing That the Defendants Violated Title VI

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, provides that:

> No person in the United States shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

In order to make a valid claim under Title VI, a plaintiff must establish proof of purposeful discrimination.  Guardians Ass'n v. Civil Service Comm'n of City of New York, 463 U.S. 582 (1983).  The Ninth Circuit has likewise held that a plaintiff must prove discriminatory intent in order to prevail on a Title VI claim. Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998); Fobbs v. Holy Cross Health Sys., 29 F.3d 1439, 1447 (9th Cir. 1994).

In this case, Plaintiff has failed to show any purposeful or intentional discrimination by any of the Defendants.  The disciplinary measures taken as a result of the incident in the cafeteria were based on each individual's actions.  See the Declaration of Aloha Coleman at paragraph 10 and Exhibit "D" thereto. Plaintiff's removal from the football team was in accordance with school policy, not the result of racial discrimination.  In Monteiro, the Ninth Circuit applied a three-prong test to determine whether Title VI was violated:

> According to the Department of Education, a school
> district violates Title VI when (1) there is a racially
> hostile environment; (2) the district had notice of
> the problem; and (3) it "failed to respond adequately
> to redress the racially hostile environment."  59
> Fed.Reg. at 11449.

Monteiro, 158 F.3d at 1033.  Plaintiff has provided no facts or evidence showing

that any of these circumstances existed in this case.  Accordingly, summary

judgment should be entered in favor of the Defendants and against Plaintiff.

> ii.    Plaintiff's Participation on the Football Team

In order to hold Coleman, Davis, and Tokuda liable under 42 U.S.C.

§ 1983, Plaintiff must show (1) that they were acting under color of state law, and

(2) that their conduct deprived Plaintiff of some right, privilege or immunity

protected by the constitution or laws of the United States.  Leer v. Murphy, 844

F.2d 628, 632 (9th Cir. 1988).  Plaintiff's § 1983 claims regarding his participation

on the Leilehua football team fail because there is no right to play high school

football.  See e.g. Angstadt v. Midd-West School Dist., 377 F.3d 338, 344 n.2 (3rd

Cir. 2004) ("There is no constitutionally protected right to play sports."); Schaill

by Kross v. Tippecanoe County School Corp., 679 F. Supp. 833, 853 (N.D.Ind.

1988) ("A number of circuits have determined specifically that the privilege of

participating in interscholastic athletics falls outside the protection of the Due

Process Clause of the Fourteenth Amendment of the United States Constitution.").

iii.   <u>Plaintiff's Education</u>

Plaintiff makes vague and conclusory allegations that he was wrongfully denied tutoring and educational services accorded to non African-American students.  <u>See</u> Complaint at paragraph 1.

Judicial review of an IDEA claim is generally permitted only after a claimant exhausts state administrative remedies.  20 U.S.C. § 1415(b)(2).  In <u>Hoeft v. Tucson Unified School Dist.</u>, 967 F.2d 1298, 1303 (9th Cir. 1992), the Ninth Circuit explained that:

> The exhaustion doctrine embodies the notion that "agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer."
>
> *               *               *
>
> Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct short-comings in their educational programs for disabled children.

(citations omitted).  Here, Plaintiff was required to request administrative review of any deficiencies he perceived in his educational program while attending Leilehua, but did not.  Moreover, as stated above, Plaintiff has graduated from high school and is now attending college on the Mainland.  Although Plaintiff also seeks

monetary damages, courts have rejected attempts by plaintiffs asserting IDEA violations to avoid the exhaustion requirement by limiting their prayer for relief to monetary damages.  The IDEA's administrative procedures relate to the source and nature of the alleged injuries for which the claimant seeks a remedy, not the specific remedy requested.  <u>Fliess v. Washoe County School Dist.</u>, 90 Fed.Appx. 240, 242 (9th Cir. 2004).

      iv.    <u>Rehabilitation Act Claim</u>

      For the reasons set out in subsection i. above, Plaintiff's Rehab Act claim also fails because the Defendants did not "intentionally discriminate" against Plaintiff.  <u>See</u> <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (applying deliberate indifference standard).  Disciplinary measures were applied uniformly to all students who were found to have engaged in Chapter 19 offenses. <u>See</u> Declaration of Aloha Coleman at paragraph 10 and Exhibit "D" thereto. Plaintiff was not discriminated against.

      D.    <u>Coleman, Davis, and Tokuda are Entitled to Qualified Immunity.</u>

      Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986). Government officials who perform discretionary functions have qualified immunity from liability for civil damages when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

would have known." Johnson v. Fankell, 520 U.S. 911, 914-15 (1997) (citation

omitted); Gabbert v. Conn, 131 F.3d 793, 799 (9th Cir. 1997) (citing Harlow v.

Fitzgerald, 457 U.S. 800, 818 (1982)).

A plaintiff seeking damages for violation of constitutional or statutory

rights bears the initial burden of proving that the rights allegedly violated were

clearly established at the time of the alleged misconduct. Houghton v. South, 965

F.2d 1532, 1534 (9th Cir. 1992); Davis v. Scherer, 468 U.S. 183, 197 (1984). For

the right to be clearly established, its "contours . . . must be sufficiently clear that a

reasonable official would understand that what he is doing violates that right."

Anderson v. Creighton, 483 U.S. 635, 640 (1987).

In this case, the individual Defendants followed Department of

Education procedures after the incident in the school cafeteria. Pursuant to those

procedures, Plaintiff was removed from the football team as a result of his

suspension from school. The Defendants acted reasonably, and based on the

authorities set out above, they are therefore entitled to qualified immunity.

E.     Davis and Tokuda Did Not Participate in the
       Deprivations Complained of.

Liability under 42 U.S.C. § 1983 arises only upon a showing of the

defendant's personal participation in the deprivations complained of. Taylor v.

List, 880 F.2d 1040, 1045 (9th Cir. 1989). The defendant must have engaged in an

affirmative act, participated in another's affirmative act or omitted to perform an

act which he was legally required to do that caused the deprivation.  Leer v.

Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  The inquiry into causation must be

individualized and focus on the duties and responsibilities of each defendant.  Id.

"Each individual defendant can be liable only for what he or she did personally, not

"for any recklessness on the part of any other defendants, singly or as a group."

Eades v. Thompson, 823 F.2d 1055, 1063 (7th Cir. 1987).

     Moreover, it is well established that liability under § 1983 cannot be

predicated on the doctrine of respondeat superior.  City of Canton, Ohio v. Harris,

489 U.S. 378, 385 (1989); Monell v. New York City Dep't of Social Serv., 436

U.S. 658, 691 (1978).

     As set out in the Declarations of Robert Davis and Nolan Tokuda,

they did not meet with Aloha Coleman to decide to kick Plaintiff off the football

team, as he alleges.  See their Declarations attached as Exhibits "2" and "3"

respectively to Defendants' Concise Statement of Material Facts at paragraph 3.

As school principal, the decision to suspend students from school rests with Aloha

Coleman.  See her Declaration at paragraph 9.   Further, Davis and Tokuda had no

direct involvement with the implementation of Plaintiff's IEP.  See their

Declarations at paragraph 4.

Accordingly, because Davis and Tokuda did not participate in or direct any actions which caused the deprivations Plaintiff complains of, they are entitled to summary judgment as a matter of law.

F.    Coleman, Davis, and Tokuda Have Immunity From
      Plaintiff's State Law Tort Claims.

In his Cause of Action II, Plaintiff claims that the individual Defendants' actions amounted to intentional infliction of emotional distress, and he may also be alleging other state law tort claims. See Complaint at paragraph 49.

Coleman, Davis, and Tokuda have immunity from Plaintiff's state law tort claims pursuant to Towse v. State, 64 Haw. 624, 647 P.2d 696 (1982) and Medeiros v. Kondo, 55 Haw. 499, 522 P.2d 1269 (1974).  In Towse, the Supreme Court of Hawaii held that non-judicial governmental officials, when acting in the performance of their public duty, are protected by qualified immunity.  The Court, citing its earlier decision in Medeiros v. Kondo, explained:

> This privilege effectively shields the official from liability,
> and not from the imposition of the suit itself, to the extent
> that the privilege is not abused and thereby lost.  Hence,
> we made clear in Kondo, that in order for an action to lie
> against an official acting under a claim of privilege, it is
> essential that the injured party allege and prove, to the
> requisite degree, that the official had been motivated by
> malice and not by an otherwise proper purpose.

Towse, 64 Haw. at 632, 647 P.2d at 702 (emphasis added).  The injured party must first allege, and then demonstrate by clear and convincing proof, that the official

was motivated by malice and not by an otherwise proper purpose.  Id. at 631, 647 P.2d at 702.

Plaintiff did not allege malice in his Complaint.  The Defendants asserted the defense of qualified immunity in their Answer.  See Answer to Complaint filed on December 17, 2007 at Seventh Defense.  Each of them has stated in their respective Declarations, and under penalty of perjury, that they have no malice or ill-will towards Plaintiff.  See Exhibit "1" at paragraph 13 and Exhibits "2" and "3" at paragraph 5.  Accordingly, Defendants are entitled to qualified immunity regarding Plaintiff's state law tort claims because he cannot prove by clear and convincing evidence that they were motivated by malice or an otherwise improper purpose.

IV.   CONCLUSION

Based on the above-stated reasons and authorities, Defendants respectfully request that the foregoing motion be granted.

DATED:  Honolulu, Hawaii, September **24**, 2008.

STATE OF HAWAII

MARK J. BENNETT
Attorney General
State of Hawaii

KENDALL J. MOSER
Deputy Attorney General

CARON M. INAGAKI
Deputy Attorney General

Attorneys for Defendants
STATE OF HAWAII
DEPARTMENT OF EDUCATION,
ALOHA COLEMAN, ROBERT
DAVIS, and MR. TOKUDA